IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD LEE CUMMINGS, #09623-091 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-14-3162 |
| WARDEN TIMOTHY STEWART | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Before the Court is a 28 U.S.C. § 2241 (2012) Petition for Writ of Habeas Corpus filed by Richard Lee Cummings, a federal prisoner incarcerated at FCI-Cumberland, Maryland. ECF No. 1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, appears reasonable and will be granted. For the reasons that follow, the Court will dismiss the Petition without prejudice.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255 (2012). A writ of habeas corpus pursuant to § 2241 and a motion to vacate, set aside, or correct sentence pursuant to § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). In contrast, a § 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000);

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the "savings clause" in § 2255.[1] It

---

[1] 28 U.S.C. § 2255(e) provides in relevant part:

1

provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).  In <u>Jones</u>, the United States Court of Appeals for the Fourth Circuit held

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34.

In this case, Petitioner indicates he was sentenced on October 23, 2006, in the United States District Court for the District of Wyoming.  ECF No.1.  The conviction and sentence were affirmed on appeal.  Petitioner's subsequent § 2255 Motion to Vacate, Set Aside, or Correct was denied.  <u>Id.</u>  Petitioner now maintains that he is entitled to a reduction in his sentence because the state court convictions used to enhance his sentence would no longer qualify as violent offenses.  <u>Id.</u>

The instant petition clearly challenges the validity of the conviction or sentence and is properly construed pursuant to § 2255.  Regardless of the label used by Petitioner, the subject matter of the Motion, and not its title, determines its status.  <u>See</u> <u>e.g.</u>, <u>Calderon v. Thompson</u>, 523 U.S. 538, 554 (1998).  Moreover, Petitioner has not satisfied the criteria set forth in <u>Jones</u> for demonstrating that a § 2255 petition is an inadequate or ineffective remedy.  It is well established

---

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

that a § 2255 motion is neither inadequate nor ineffective "merely because an individual is unable to obtain relief under that provision." Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n.5. A § 2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive § 2255 motions. See Jones, 226 F.3d at 333-34.

Although this is not Petitioner's first motion to vacate, the claims asserted may not have been available to him at the time he filed his first motion. See United States v. Hairston, 754 F.3d 258, 266 (4th Cir. 2014). Petitioner argues that his federal sentence was enhanced by his state court convictions for burglary; however, changes in the law made subsequent to filing his first motion no longer permit such convictions to support sentence enhancement. He indicates that he is, therefore, entitled to resentencing. Other circuits have considered the question of whether a motion is second or successive when the grounds for challenging the movant's sentence did not exist at the time he filed his first motion to vacate, specifically in the context of asking to reopen a federal sentence after the vacatur of a state conviction. The Tenth Circuit, like the Fourth Circuit in Hairston, has held that such motions are not second or successive. In re Weathersby, 717 F.3d 1108, 1111 (10th Cir. 2013). Petitioner must bring his motion to vacate in the United States District Court for the District of Wyoming. If that Court deems his Motion a second petition, he must then seek leave to file a successive § 2255 petition in the Tenth Circuit Court of Appeals.[2] A separate Order consistent with this Memorandum Opinion follows.

October 29, 2014                                        /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge

---

[2] The Court will direct the Clerk to mail Petitioner an information packet for filing for authorization to consider a successive § 2255 petition.